UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARIN O'BRIEN, on behalf of herself and all other similarly situated,<br><br>            Plaintiff,<br><br>v.<br><br>GENERAL ELECTRIC CAPITAL CORPORATION,<br><br>            Defendant. | Civil No. 12cv1909 JAH(MDD)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS CLASS ALLEGATIONS [DOC. # 6] AND GRANTING DEFENDANT'S MOTION TO STAY AND COMPEL CONTRACTUAL ARBITRATION ON AN INDIVIDUAL BASIS [DOC. # 7]** |

## **INTRODUCTION**

Currently pending before this Court are the motion to dismiss class allegations and the motion to stay and compel contractual arbitration on an individual basis filed by defendant General Electric Capital Corporation ("defendant"). The motions have been fully briefed by the parties. After a careful consideration of the pleadings and relevant exhibits submitted, and for the reasons set forth below, this Court DENIES defendant's motion to dismiss and GRANTS defendant's motion to stay and compel contractual arbitration.

//
//
//
//
//

# BACKGROUND[1]

Plaintiff alleges in her complaint that defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("the TCPA") when it made repeated telephone calls to plaintiff without prior consent and after instructing the calls to stop. The claims arise out of a credit card account entered into in March 2010 which was approved by defendant for plaintiff's use at Lowe's home improvement stores. Koehler Decl., Exh. B. When plaintiff was first approved for her credit account she was provided an initial disclosure statement with her temporary card that informed her that her credit card agreement contained an arbitration clause. Specifically, the statement stated:

> **Arbitration.** The Agreement contains an arbitration provision that may substantially limit your rights in the event of a dispute, including your right to litigate in court or have a jury trial, discovery and appeal rights, and the right to participate as a representative or member of a class action. You have a right to reject the arbitration provision by following the instructions in the arbitration provision. If you reject arbitration, it will have no effect on any other terms of the Agreement.

Koehler Decl., Exh. C. A few days later, plaintiff received her credit card along with a credit card agreement that provided, in pertinent part:

> **20. Arbitration Provision.** Please read this arbitration provision carefully. IT PROVIDES THAT ANY PAST, PRESENT OR FUTURE LEGAL DISPUTE OF ANY KIND, INCLUDING STATUTORY AND COMMON LAW CLAIMS AND CLAIMS FOR EQUITABLE RELIEF, THAT RELATES IN ANY WAY TO YOUR ACCOUNT OR YOUR RELATIONSHIP WITH US ("CLAIM") WILL BE RESOLVED BY BINDING ARBITRATION IF EITHER YOU, WE OR LOWE'S ELECTS TO ARBITRATE.

Koehler Decl., Exh. D ¶ 20 (emphasis in original). The arbitration clause included an opt out provision allowing plaintiff to reject arbitration within sixty (60) days of opening her

---

[1] This Court is mindful that, for purposes of defendant's motion to dismiss plaintiff's class allegations, the facts alleged in the complaint are taken as true and viewed in the light most favorable to plaintiff. *See* Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002); Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). However, no such limitation is required in determining whether to stay and compel plaintiff to participate in arbitration but, instead, the Court must apply state law contract rules in evaluating the validity of the agreement at issue. *See* Ingle v. Circuit City Stores, Inc., 328 F.3d 1165, 1170 (9th Cir. 2003); *see also* Wosley, Ltd v. Foodmaker, Inc., 144 F.3d 1205 (9th Cir. 1998). Defendant properly provided the Court with the credit card agreement as attachments to its moving papers and attested to by declaration. *See* Doc. # 7-1 (Koehler Decl.). Plaintiff does not object to the evidence presented by defendant nor dispute the accuracy of the documents provided.

account, a provision for excluding small claims actions, a provision allowing arbitration to be held at a convenient location to plaintiff and a requirement that defendant pay all arbitration fees up to $2,500.  Id.

The arbitration provision contained certain limitations, including:

> **IF A CLAIM GOES TO ARBITRATION, NEITHER YOU NOR WE WILL HAVE THE RIGHT TO: (1) HAVE A COURT OR JURY DECIDE THE CLAIM; (2) ENGAGE IN DISCOVERY ...; [OR] (3) PARTICIPATE IN A CLASS ACTION IN COURT OR IN ARBITRATION, EITHER AS A CLASS REPRESENTATIVE OR A CLASS MEMBER; ...  ONLY A COURT MAY DETERMINE THE VALIDITY AND EFFECT OF PARTS 3, 4 AND 5[2] OF THIS PARAGRAPH.**

Id. (emphasis in original).

A change in terms of the credit card agreement was sent to plaintiff in February 2012 which included an arbitration clause and a waiver of the right to pursue class actions in arbitration.  Koehler Decl., Exh. E.  The arbitration clause in the 2012 amendment contained essentially the same language as the 2010 agreement but added a provision that defendant pay all arbitration fees without limit as long as defendant believes plaintiff has acted in good faith.  Id. ¶ 4.  The 2012 amendment also added a one-way prevailing party fees and costs provision requiring defendant to pay arbitration costs, including plaintiff's legal fees and costs, if plaintiff prevails in arbitration.  Id.

After receiving her credit card, plaintiff used her Lowe's credit card to purchase items and made timely payments until she eventually missed payments due to financial hardship.  Doc. # 11 at 2.  Defendant then attempted to contact plaintiff by telephone at home, work and on her cell phone and through written correspondence regarding the missed payments.  Plaintiff alleges she contacted an attorney to stop the harassment and verbally instructed some of defendant's agents to stop the calls to no avail.  Id.

Plaintiff filed her complaint on August 2, 2012.  In lieu of an answer, defendant filed the instant motions on October 5, 2012.  Oppositions and reply briefs were

---

[2] Parts 4 and 5 are not relevant here.

subsequently filed and the motions were taken under submission without oral argument.[3] *See* CivLR 7.1(d.1).

## DISCUSSION

**1.   Legal Standards**

    **a.   Motion to Dismiss Class Allegations**

Rule 12(b)(6) tests the sufficiency of the complaint. *See* Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. *See* Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); *see* Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. Robertson, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

---

[3] Defendant subsequently filed two notices of recent authority, one of which plaintiff filed a response. *See* Docs. # 15-17. However, because this Court finds that neither of the recent authority noticed by defendant are applicable to the determination of the issues presented here, the recent authority cited is not addressed herein.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *See* Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002); Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *See* Ileto v. Glock, Inc., 349 F.3d 1191, 1200 (9th Cir. 2003); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). When ruling on a motion to dismiss, the Court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the Court takes judicial notice. *See* Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. *See* Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).

**b.   Motion to Stay and Compel Contractual Arbitration**

Motions to compel arbitration are governed by the Federal Arbitration Act ("FAA") which provides that:

> a written provision in ... a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C § 2.

The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 218 (1985). As such, there is a liberal policy favoring arbitration. Moses H. Cone Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1 (1983). When a party disputes the validity of the arbitration agreement, district courts must "apply

ordinary state-law principles that govern the formation of contracts" to determine whether a valid arbitration agreement exists. Ingle v. Circuit City Stores, Inc., 328 F.3d 1165, 1170 (9th Cir. 2003); *see also* Wosley, Ltd v. Foodmaker, Inc., 144 F.3d 1205 (9th Cir. 1998).

2.      **Analysis**

    a.      **Motion to Dismiss Class Allegations**

Defendant moves to dismiss the class allegations contained in plaintiff's complaint on the grounds that the proposed class definition is not adequately defined because it is improperly merits based. *See* Doc. # 6 at 5. Plaintiff opposes the motion, contending the issue is premature and a motion to dismiss is an inappropriate vehicle for challenging class allegations. Doc. # 10 at 4 (citing Gillibeau v. City of Richmond, 417 F.2d 426, 432 (9th Cir. 1969); Janti v. Encore Capital Group, Inc., 2010 WL 3058260 (S.D.Cal. Aug. 3, 2010)). In addition, plaintiff contends[4] that, should defendant instead seek to strike the class allegations pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, the motion should still be denied because such decisions "should be based on the complete record supporting a motion to certify the class, not on a complaint simply providing notice of the action." Id. (citing In re Walmart Stores, Inc. Wage and Hour Litig., 505 F.Supp.2d 609, 615 (N.D. Cal. 2007)). In reply, defendant disagrees that its motion, whether styled as a motion to dismiss under Rule 12(b)(6) or brought as a motion to strike pursuant to Rule 12(f), is premature. Doc. # 13 at 2-3.

After a review of the case authority cited by the parties, as well as the case authority discovered through its own independent research, this Court is persuaded that it is inappropriate to "resolve class claims at the pleading stage." *See* Connelly v. Hilton Grant Vacations Company, 2012 WL 2129365 at *3 (S.D.Cal. June 11, 2012)(finding a motion filed pursuant to Rule 23 of the Federal Rules of Civil Procedure the proper vehicle for deciding the propriety of class certification) (citing Gillibeau, 417 F.2d at 432

---

[4] Plaintiff also disputes the merits of defendant's contentions regarding the adequacy of the class definition. *See* Doc. # 10 at 6-10. Because this Court finds defendant's motion premature, this Court does not address the merits at this time.

1 ("[C]ompliance with [Rule] 23 is not to be tested by a motion to dismiss for failure to state a claim.")); *see also* <u>Rosales v. Fitflop USA, LLC</u>, 882 F.Supp.2d 1168, 1179 (S.D.Cal. 2012)(finding motion to strike class allegations premature and more properly presented in opposition to a class certification motion). This Court similarly finds that defendant's motion here is premature and more properly presented in opposition to plaintiff's motion for class certification. Therefore, defendant's motion to dismiss plaintiff's class allegations is DENIED without prejudice.

### b.     Motion to Stay and Compel Contractual Arbitration

Defendant separately moves for an order staying the instant action and compelling plaintiff to participate in arbitration proceedings pursuant to the FAA. *See* Doc. # 7. According to defendant, plaintiff signed a Lowe's credit card application at the time she incurred the debt at issue in this case that informed her that her credit card agreement contained an arbitration clause. <u>Id.</u> at 3 (citing Koehler Decl., Exhs. B, C). Defendant points out the credit card agreement that was later mailed to plaintiff along with her credit card did, in fact, contain an arbitration provision requiring the parties to arbitrate all past and present legal disputes that relate in any way to the account. <u>Id.</u> at 3 (citing Koehler Decl., Exh. D ¶ 20). Defendant notes the modified agreement mailed to plaintiff on February 7, 2012 did not alter the arbitration provision except to include an agreement that defendant pay all arbitration fees if plaintiff acts in good faith. <u>Id.</u> at 4-5. Based on these facts, defendant contends plaintiff's claims presented here must be resolved through arbitration. <u>Id.</u> at 5. Defendant thus seeks an order compelling plaintiff to participate in arbitration and an order staying this action pending the arbitration process. <u>Id.</u> at 5-11.

Plaintiff, in opposition, does not dispute the credit card agreement, which includes both the agreement that was in effect when plaintiff received her credit card in 2010 as well as the revised agreement that was provided to her in 2012, contained an arbitration provision. *See* Doc. # 11 at 2. Plaintiff contends, however, that the arbitration provision is not applicable to plaintiff because her claims do not arise from or relate to the credit card account, noting "courts have long held tort-based causes of action, including invasion

of privacy and nuisance, do not arise under contract and therefore cannot be subject to contractual arbitration provisions." Id. at 4. In addition, plaintiff claims "[t]he only court to consider this argument with respect to TCPA claims denied to the motion to compel arbitration." Id. (citing In re Jiffy Lube Int'l, Inc., 847 F.Supp.2d 1253, 1262-63 (S.D.Cal. March 8, 2012)).

Plaintiff further argues that the claims presented in the instant case are independent from the contract containing the arbitration clause. Id. at 5 (citing AT&T Techs., Inc. v. Comm. Workers of Am., 475 U.S. 643, 648 (1986); Granite Rock Co. v. International Bhd. of Teamsters, 130 S.Ct. 2847, 2856)). According to plaintiff, the claims presented here are independent tort claims and, thus, are not arbitrable under the contract's arbitration clause even though "'the tort claim could not have arisen 'but for' the parties' agreement.'" Id. at 5-6 (citing Cape Flattery Ltd. v. Titan Mar., 647 F.3d 914, 924 (9th Cir. 2011)("when a tort claim constitutes an 'independent wrong from any breach' of the contract it 'does not require interpretation of the contract and is not arbitrable ... even though the tort claim could not have arisen 'but for' the parties' agreement")(citations omitted)). Plaintiff lastly argues that the arbitration clause is unenforceable because it prevents her from vindicating substantive statutory rights. Id. at 13-16.

In reply, defendant argues that plaintiff's claims do arise under or relate to her credit card account. Doc. # 12 at 3. Defendant explains that plaintiff's complaint alleges defendant "services debts and 'maintains call centers across the country and overseas to contact customers, including those it believes are past due on payments owed' ... [employing a] 'business practice [which requires its representatives] to make repeated phone calls to persons it believes responsible for paying past-due accounts.'" Id. at 3-4 (quoting Compl. ¶¶ 5,7). Defendant further explains that plaintiff, in her opposition, admits she used her credit card "to make purchases, 'missed payments due to financial hardship,' and 'immediately, she began receiving phone calls from [defendant] to her home, cell phone, and work place, as well as collections letters.'" Id. at 4 (citing Doc. # 11 at 2). Defendant contends the calls referred to in the complaint and opposition brief

1 "plainly relate to [plaintiff's] account with [defendant]" and thus are arbitrable. Id.

2 Defendant disputes the relevance of the decision in Jiffy Lube to this case because
3 it is based on facts that are clearly distinguishable from the facts in this case. Id.
4 Defendant explains that the plaintiffs in Jiffy Lube provided their telephone numbers on
5 invoices for oil changes and were later contacted by a third party marketing firm via text
6 message offering membership in a club providing discounts on oil changes. Id. (citing Jiffy
7 Lube, 847 F.Supp.2d at 1255-56, 1263. The court, in Jiffy Lube, determined the
8 arbitration clause was overbroad, and thus unconscionable, because it did not limit
9 arbitrability "'to disputes arising from or relating to the transaction or contract at issue.'"
10 Id. (quoting Jiffy Lube, 847 F.Supp.2d at 1262-63). Here, however, defendant points out
11 that because the alleged calls related directly to the handling by creditors of the credit
12 account established by the credit card agreement, the reasoning presented in Jiffy Lube is
13 inapplicable here. Id.

14 Defendant also disputes plaintiff's contention that only the Jiffy Lube court has
15 addressed the issue of the arbitrability of TCPA claims. Id. at 5. In support, defendant
16 cites to numerous cases that addressed the issue and found TCPA claims subject to the
17 arbitration agreement, including district court cases in the Ninth Circuit. Id. (citing
18 Gonzalez v. Citigroup, Inc., 2011 WL 5884250 at *3 (E.D.Cal. Nov. 23, 2011); Obremski
19 v Springleaf Financial Serv., Inc., 2012 WL 326421 at *3 (M.D.Fla. Aug. 10, 2012);
20 Powell v. Payday Loan of Illinois, Inc., 2010 WL 3893894 (N.D.Ill. Sept. 28, 2010)).
21 Defendant notes that a district court in this District addressed the arbitrability of a TCPA
22 claim where there was no express allegation the calls were debt related and held the claim
23 was arbitrable. Id. (citing Knutson v. Sirius XM Radio, Inc., 2012 WL 1965337 at *8
24 (S.D.Cal. May 31, 2012)).

25 Defendant further argues plaintiff's contention that her tort claims are not
26 arbitrable fails because the claims presented here are not tort claims and, even if they were,
27 such claims are arbitrable. Id. (citing Simula, Inc. v. Autoliv, Inc. 175 F.3d 716 (9th Cir.
28 1999)(federal statutory and tort claims held arbitrable)). Defendant points out the cases

1 plaintiff cited for the proposition that tort claims which are unrelated to a contract cannot
2 be arbitrated under the contract's arbitration clause are not applicable here because the
3 contracts in those cases contained narrow language in their arbitration clauses while the
4 contract at issue here contains broad language.  Id. at 5-6 (citing Cape Flattery Ltd v.
5 Titan Maritime, LLC, 647 F.3d 914, 921 (9th Cir. 2011)("the phrase 'arising under' in
6 an arbitration agreement should be interpreted narrowly"); Tracer Research Corp. v.
7 National Environmental Serv. Co., 42 F.3d 1292, 1295 (9th Cir. 1994)(the language
8 "arising out of" is as limited in scope as "arising under."); Mediterranean Enterprises, Inc.
9 v. Ssangyong Corp., 708 F.2d 1448, 1464 (9th Cir. 1983)("arising under" is narrow in
10 scope)).

11   As to plaintiff's claim that enforcing the arbitration clause here would divest her of
12 the ability to vindicate her statutory rights, defendant points out that the United States
13 Supreme Court, in AT&T Mobility LLC v. Concepcion, 131 S.Ct. 1740 (2011)
14 ("Concepcion"), "held that courts cannot require class actions to remain in court to
15 prosecute small-dollar claims where such proceedings would be inconsistent with the FAA."
16 Id. at 6 (citing Concepcion, 121 S.Ct. at 1753).  Thus, defendant contends plaintiff's last
17 argument is an attempt to make an "end run around" the holding in Concepcion.  Id.
18 Defendant further contends that plaintiff's last argument also fails because (1) plaintiff
19 fails to satisfy her burden of proof, (2) the FAA applies to statutory claims such as the
20 TCPA claims here, and (3) the arbitration clause contains pro-consumer provisions such
21 as (a) allowing plaintiff to arbitrate locally and file claims in small claims court, and (b)
22 requiring defendant to pay the first $2,500 in arbitration fees no matter what occurs and
23 pay all arbitration fees as long as plaintiff proceeds in good faith.  Id. at 8.  Therefore,
24 defendant contends the arbitration clause does not "unfairly 'stack the deck' against
25 plaintiff and does not prevent her from vindicating her statutory rights." Id.   A review
26 of the record reflects that there is no dispute the credit card agreement at issue in this case
27 contains an arbitration clause.  Instead, the parties dispute whether the arbitration
28 provision applies to plaintiff's claims.  This Court is unconvinced by plaintiff's contention

that her claims are not related to the broad arbitration clause contained in her credit card agreement which was entered into when plaintiff received her credit card in 2010, and revised in 2012. The provision's language is clearly not limited in scope, as were the provisions at issue in Cape Flattery, 647 F.3d at 921; Tracer, 42 F.3d at 1295; and Mediterranean Enterprises, 708 F.2d at 1464, because the arbitration provision in this case broadly "provides that any past, present or future legal dispute of any kind, including statutory and common law claims and claims for equitable relief, that relates in any way to your account or your relationship with us ... will be resolved by binding arbitration."[5] In addition, this Court agrees with defendant that the reasoning in Jiffy Lube, 847 F.Supp.2d at 1262-63, does not apply here because the facts in that case are clearly distinguishable from the facts here. Lastly, this Court is not persuaded by plaintiff's claim that she would be divested of her ability to vindicate her statutory rights if required to participate in arbitration since the arbitration provision clearly provides safeguards against such divestiture. Therefore, this Court finds that the arbitration provision contained in the credit card agreement is enforceable and applicable to plaintiff's individual claims. Accordingly, this Court GRANTS defendant's motion to stay these proceedings and compel plaintiff to participate in arbitration proceedings pursuant to the arbitration provision contained in the parties' agreement.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss class allegations [doc. # 6] is **DENIED WITHOUT PREJUDICE**;

2. Defendant's motion to stay and compel arbitration [doc. # 7] is **GRANTED**;

3. This action is **STAYED until January 31, 2014**, pending completion of arbitration proceedings pursuant to the parties' agreement;

---

[5] In comparison, the arbitration provisions in Cape Flattery, Tracer, and Mediterranean Enterprises limited arbitration to claims that "arose under" or "arose out of" the underlying debt. *See* Cape Flattery, 647 F.3d at 921; Tracer, 42 F.3d at 1295; and Mediterranean Enterprises, 708 F.2d at 1464.

<pre>
 1     4.   Plaintiff shall participate in arbitration on an individual basis as provided in
 2          the parties' agreement;
 3     5.   Counsel shall advise the Court, in writing, when arbitration proceedings have
 4          concluded in order to lift the stay; and
 5     6.   Counsel shall jointly provide this Court with a status report concerning the
 6          status of arbitration **no later than January 24, 2014** should arbitration
 7          proceedings not be completed before January 31, 2014.
</pre>

Dated: August 2, 2013

_____
JOHN A. HOUSTON
United States District Judge